# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF AMERICA, N.A., )
                                                  )
                        Plaintiff, )        Case No.: 2:16-cv-01444-GMN-NJK
     vs. )
                                                   )                 **ORDER**
WESTCHESTER HILLS HOMEOWNERS' )
ASSOCIATION, *et al.*, )
                                                   )
                      Defendants. )
                                                   )

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 26), filed by Plaintiff Bank of America, N.A. ("Plaintiff"). Defendants Premier One Holdings, Inc. ("Premier One") and Westchester Hills Homeowners' Association ("HOA") filed Reponses, (ECF Nos. 28, 31), to which Plaintiff filed Replies, (ECF Nos. 30, 34). For the reasons discussed herein, Plaintiff's Motion is **GRANTED**.

## I.    BACKGROUND

This case arises out of the non-judicial foreclosure on real property located at 9071 Westchester Hill Avenue, Las Vegas, Nevada 89148 (the "Property"). (Compl. ¶ 8, ECF No. 1). Michael D. Freidhof and Shyla J. Starley ("Borrowers") purchased the Property by way of a loan in the amount of $290,442.00 secured by a deed of trust (the "DOT") recorded on August 31, 2007. (*See* Deed of Trust, Ex. A to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 26-1). The DOT was re-recorded on September 29, 2008, and subsequently assigned to Countrywide Bank, FSB, who later merged with Plaintiff on April 5, 2012. (*See* Exs. B, C, D, E to MSJ, ECF Nos. 26-2, 26-3, 26-4, 26-5).

Upon Borrowers' failure to pay all amounts due, HOA, through its agent Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien against the

Property on August 23, 2012. (*See* Notice of Delinquent Assessment, Ex. F to MSJ, ECF No. 26-6). HOA, through NAS, recorded a notice of default and election to sell on October 4, 2012. (*See* Notice of Default, Ex. G to MSJ, ECF No. 26-7). On March 27, 2013, NAS, on behalf of HOA, recorded a notice of foreclosure sale and on April 19, 2013, NAS sold the Property to Premier One. (*See* Notice of Foreclosure Sale, Ex. H. to MSJ, ECF No. 26-8); (*see also* Foreclosure Deed, Ex. I to MSJ, ECF No 26-9). Premier One subsequently granted a lien on the property to Rillan Family Investment, LLC ("Rillan") and recorded a short form deed of trust on May 24, 2013, which was re-recorded on June 3, 2014. (*See* Deeds of Trust, Exs. J, K to MSJ, ECF Nos. 26-10, 26-11).

On June 21, 2016, Plaintiff filed its Complaint asserting the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) quiet title through the requested remedy of declaratory relief; (2) breach of Nevada Revised Statute ("NRS") § 116.1113; (3) wrongful foreclosure; (4) injunctive relief; and (5) unjust enrichment. (*See* Compl. ¶¶ 31–85).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. **DISCUSSION**

Plaintiff seeks summary judgment on its first cause of action for quiet title and declaratory relief. (MSJ 11:14–16, ECF No. 26). The parties dispute whether *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), compels the Court to hold that the HOA foreclosure sale did not extinguish Plaintiff's DOT. (*See* MSJ 6:2–8:11); (Premier One's Resp. 6:7–7:6, ECF No. 28); (HOA's Resp. 5:21–11:15, ECF No. 31). Accordingly, the Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley* before turning to the merits of Plaintiff's claim and the parties' respective arguments.

### A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed to NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount

importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Premier One and HOA also argue that NRS § 107.090, which requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each "person with an interest" or "claimed interest" that is "subordinate" to the HOA's super-priority, is incorporated into NRS Chapter 116 by NRS § 116.31168. (Premier One's Resp. 5:13–6:4); (HOA's Resp. 8:20–9:17). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless."). Therefore, the Court declines to adopt this interpretation.

**B. Return to Notice Scheme in 1991 Version of NRS 116.3116 *et seq.***

Premier One alternatively requests that the Court treat § 116.3116 *et seq.* as if it were never passed and instead apply the prior version of the statute. (*See* Premier One's Resp. 7:17–8:1). Specifically, Premier One argues for the application of the 1991 version of the statute, which existed prior to the amendment incorporating the unconstitutional provisions in the 1993 version. (*Id.*). The alleged notice scheme in the 1991 version of the statute provided: "[t]he association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it." A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570–71. Based on a retroactive application of the 1991 version, Premier One suggests that the foreclosure sale passes constitutional scrutiny and extinguishes the DOT.

Indeed, Nevada law recognizes the theory that a statute may "return" to its prior version upon a ruling of unconstitutionality. *See We People Nevada ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008) ("[W]hen a statute is declared unconstitutional, it has no effect and the prior governing statute is revived."). Under federal law, however, courts rely on principles of reasonableness and fairness to determine the effect of a ruling on a statute's constitutionality. *See Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308, U.S. 371, 374 (1940); *Linkletter v. Walker*, 381 U.S. 618, 621–29 (1965); *Lemon v. Kurtzman*, 411 U.S. 192, 198–99 (1973).

Here, the Court declines to apply the return doctrine and revive the 1991 version of the statute. In making this determination, the Court finds persuasive the reasoning of other decisions in this District. *See Nationstar Mortg. LLC v. Giavanna Homeowners Ass'n*, No. 2:15-cv-01992-LDG-CWH, 2017 WL 4248129, at *2 (D. Nev. Sept. 25, 2017) (declining to apply the return doctrine to revive the notice scheme contained in the 1991 version of NRS § 116.31168 because *Bourne Valley* struck down NRS §§ 116.31163(2) and 116.31165(2)(b)—not NRS § 116.31168); *see also Nationstar Mortg. LLC v. Tyrolian Vill. Ass'n, Inc.*, No. 3:17-cv-00250-LRH-VPC, 2017 WL 5559955, at *4 (D. Nev. Nov. 17, 2017) (declining to apply the return doctrine because it would allow parties to retain benefits under the 1993 version of the statute "while simultaneously avoiding any detriments under the same version of the statute").

Moreover, even to the extent the Court did apply the return doctrine, the 1991 version of the statute poses additional unresolved constitutional concerns. *See* N.R.S. § 116.31168; *see U.S. Bank Nat'l Ass'n v. Thunder Properties Inc.*, No. 3:15-cv-00328-MMD-WGC, 2017 WL 4102464, at *3 (D. Nev. Sept. 14, 2017) (finding the 1991 notice scheme "ripe for constitutional consideration"); *see also Clark v. Martinez*, 543 U.S. 371, 380–81 (2005) (stating that courts should construe statutes so as to avoid constitutional infirmities). The Court therefore declines to apply the 1991 version of the statute to the instant case and rejects Premier One's argument.

### C. Severability

HOA argues that the Court should sever the unconstitutional provisions of NRS § 116 and enforce the remaining statute. (HOA's Resp. 11:18–14:14). This approach, however, would leave the statute without any notice provision. The absence of a notice requirement would raise additional constitutional due process challenges, which is "inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities." *See PNC Bank, N.A. v. Winfield Springs Cmty. Ass'n*, No. 3:15-cv-00346-MMD-VPC, 2017 WL 4172616, at *4 (D. Nev. Sept. 20, 2017) (denying defendant's severability argument based on potential due process issues). The Court, therefore, rejects this argument.

Based on the foregoing, the Court finds that HOA foreclosed under a facially unconstitutional notice scheme, and thus the foreclosure sale cannot have extinguished Plaintiff's DOT. The Court additionally finds that the sale of the Property remains intact, but the Property remains subject to Plaintiff's interest, and the DOT continues to encumber the Property. Accordingly, the Court grants summary judgment in favor of Plaintiff and against HOA and Premier One on Plaintiff's quiet title and declaratory relief claim.

### D. Plaintiff's Claims for Violation of NRS § 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, Plaintiff requests primarily a declaration that Premier One purchased the Property subject to its DOT. (*See* Compl. 14:22–23). Plaintiff's claims for breach of NRS § 116.1113 and wrongful foreclosure against HOA and NAS are phrased in the alternative. (*See id.* 15:1–3). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's second and third causes of action as moot.

With regard to Plaintiff's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of

summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 26), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a status report within twenty-one (21) days of this Order identifying how it plans to proceed with its claim for unjust enrichment against Rillan.

**DATED** this __4__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge